RE: TULSA CIVIL SERVICE COMMISSION
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR RECENT LETTER. HE HAS AUTHORIZED ME TO RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMATIONAL REPLY.
I HAVE REVIEWED THE COPY OF THE LETTER ATTACHED TO YOUR REQUEST FROM MR. WILLIAMS, OF THE NAACP. THAT LETTER POINTS OUT A DIFFICULT AREA OF ETHICS THAT PUBLIC ATTORNEYS FREQUENTLY MUST CONFRONT. EMPLOYMENT DISPUTES BETWEEN A MUNICIPALITY AND ONE OF ITS EMPLOYEES OR OFFICERS ALWAYS PLACE THE LAWYER REPRESENTING THE PUBLIC BODY IN A POSITION WHERE HE OR SHE HAS TO CHOOSE WHOM TO REPRESENT.
MR. WILLIAMS IS CORRECT THAT SOMETIMES THE GENERAL RULES OF JURISPRUDENCE THAT ARE FOLLOWED IN THIS COUNTRY CAN COMPLICATE THE ABILITY OF AN INDIVIDUAL TO SUE A PUBLIC BODY. IN A FEW CASES, MOST OF THEM ARISING FROM SPECIAL FEDERAL AND STATE CIVIL RIGHTS LAWS, PUBLIC ATTORNEYS ARE EMPOWERED TO REPRESENT THE PRIVATE INTERESTS OF INDIVIDUAL CITIZENS, EVEN AGAINST PUBLIC EMPLOYERS. AN EXAMPLE OF WHERE THE LEGISLATURE HAS PROVIDED FOR PUBLIC REPRESENTATION IS IN THE STATE MENTAL HEALTH DEPARTMENT, WHERE A FULL-TIME STATE EMPLOYEE ACTS AS AN INDEPENDENT PROTECTOR OF THE RIGHTS OF PATIENTS UNDER THE CARE OF STATE MENTAL HEALTH OFFICIALS.
WHETHER PUBLICLY PAID LAWYERS SHOULD ALWAYS BE AVAILABLE TO REPRESENT THE INTERESTS OF PRIVATE CITIZENS IN AREAS OF ALLEGED DISCRIMINATION IS A POLICY DECISION THAT IS A LEGISLATIVE PREROGATIVE. IT WOULD BE IMPOSSIBLE FOR THIS OFFICE TO MAKE ANY KIND OF LEGAL DETERMINATION OF THE FORMAT UTILIZED IN TULSA, AS IT IS FORBIDDEN BY LAW TO ATTEMPT TO ADJUDICATE THE LEGALITY OF ISSUES INVOLVED IN SOME PARTICULAR INSTANCE.
(MICHAEL SCOTT FERN)